# In the United States Court of Federal Claims

**No. 06-28T**
**(Filed: May 21, 2008)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * **

|  |  |  |
|---|---|---|
| **RADIOSHACK CORPORATION,** | * | |
| | * | **Telecommunications Excise Tax;** |
| **Plaintiff,** | * | **Statute of Limitations; 26 U.S.C. §** |
| | * | **6511(a); 26 U.S.C. §7422;** |
| v. | * | **Statutory Interpretation.** |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * ** * * * * *

    <u>Allen Duane Webber</u>, Baker & McKenzie, Washington, D.C., for Plaintiff.

    <u>G. Robson Stewart</u>, U. S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for Defendant.

---

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR PARTIAL DISMISSAL

---

<u>**WILLIAMS**</u>, Judge.

    In this action, Plaintiff seeks a refund of communications excise taxes paid in 1996 and 2002. This matter comes before the Court on Defendant's motion to dismiss Plaintiff's 1996 claim as time-barred under sections 6511(a) and 7422 of the Internal Revenue Code.[1]

    Section 6511 establishes a statute of limitations for filing a claim with the Internal Revenue Service (IRS) "for any refund or overpayment of tax . . . in respect of which the taxpayer was required to file a return." Such a claim is barred unless filed within three years from the time the

---

[1] Unless indicated otherwise, all short form citations refer to Title 26 of the United States Code as codified in 2000.

return was filed or two years from the time the tax was paid, whichever is later.[2]  Section 7422 prohibits a court action for the refund of <u>any</u> tax unless the taxpayer has complied with section 6511. Plaintiff contends that its refund claim is not subject to section 6511(a) because the statute only applies if the taxpayer "was required to file a tax return" with respect to the tax underlying the refund claim.  Here, Plaintiff was not required to file a return.  Rather, the communications service provider billed Plaintiff for the tax, collected the tax, filed a return, and paid the tax to the IRS.

The applicability <u>vel</u> <u>non</u> of the statutes of limitations in the Tax Code to the federal communications excise tax presents an issue of first impression in this Court.  However, the predecessor to the Federal Circuit, the Court of Claims, has addressed a similar issue -- the applicability of these statutes to other refund claims for which the taxpayer was not required to file a return -- the accumulated earnings tax and deficiency interest.  Although acknowledging the awkward fit of section 6511 to actions where the taxpayer does not file a return, the Court of Claims nonetheless held that the timeliness requirements of section 6511 pertain in such actions.  <u>J. O. Johnson, Inc. v. United States</u>, 201 Ct. Cl. 315, 476 F.2d 1337 (1973); <u>Alexander Proudfoot Co. v. United States</u>, 197 Ct. Cl. 219, 225 n.7, 454 F.2d 1379, 1382 n.7 (1972).  In so ruling, the Court focused on the interconnection of sections 6511 and 7422 in the context of the Tax Code as a whole, emphasizing the overarching prohibition in section 7422 against maintaining <u>any</u> court action absent compliance with section 6511.[3]  Following this precedent, this Court holds that the statute of limitations in section 6511 applies to Plaintiff.  Because Plaintiff's 1996 claim was filed approximately 10 years after Plaintiff paid its 1996 communications excise tax, Plaintiff's claim is untimely under section 6511(a), and section 7422(a) bars its action for this refund claim.

## Background[4]

### Federal Communications Excise Tax

Under section 4251(a), an excise tax is imposed on amounts paid for "communications services."  Section 4251(b) defines "communication services" as "local telephone service," "toll

---

[2]  If no return was filed, Section 6511 sets forth a two-year limitations period from the time the tax was paid.

[3]  The Supreme Court recently echoed this expansive interpretation of section 7422(a) in <u>United States v. Clintwood Elkhorn Mining Co.</u>, 128 S. Ct. 1511, 1520 (Apr. 15, 2008), stating that the plain language of the Code requires taxpayers who file actions seeking a refund of any illegally assessed or collected tax -- including the coal excise tax imposed in violation of the Export Clause of the Constitution -- to first file a timely administrative refund claim with the IRS in accordance with section 6511.

[4]  This background is derived from Plaintiff's Amended Complaint and documents supporting the parties' motions.

telephone service," and "teletypewriter exchange service."[5]  The excise taxes imposed by section 4251(a) are paid "by the person paying for the services rendered," i.e., the consumer, and the taxes are "paid to the [entity] rendering the services," i.e., the carrier.  Treas. Reg. § 49.4251-2(c).  Carriers are required to collect the tax from consumers, "pay over the tax" to the IRS, and file a tax return with respect to the tax.  Id.; see also Rev. Rul. 60-58 ("the taxpayer has a duty to pay the tax, while the person receiving the taxable payment for the facilities or services rendered is required to collect the tax, to file a return, and to remit to the Government the tax thus collected.").  Consumers are not required to file a tax return with respect to the communications excise tax.  Rather, carriers are required to file an excise tax return, IRS Form 720, and report the amount of tax collected.  Treas. Reg. § 40.6011(a)-1(a)(3).[6]

Long-distance telephone service is subject to the section 4251(a) communications excise tax if the service is "toll telephone service."  Section 4252(b)(1) defines toll telephone service as:

> a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States . . .

Under section 4252(b)(1), in order for long-distance telephone service to be subject to the communications excise tax, carriers must charge consumers for the service based on both the distance and duration of the calls.  In the late 1990s, carriers abandoned the use of multiple mileage bands, or distance, for pricing long-distance telephone service and converted to a system which charged rates based exclusively on a per-minute basis.  Office Max, Inc. v. United States, 309 F. Supp. 2d. 984, 990 (N.D. Ohio 2004).  In 2005 and 2006, several Courts of Appeals held that Defendant had improperly imposed the communications excise tax on charges for long-distance service based solely upon the duration of the call.  Reese Bros. v. United States, 447 F.3d 229 (3d Cir. 2006); Fortis v. United States, 447 F.3d 190 (2d Cir. 2006);  Am. Bankers Ins. Group v. United States, 408 F.3d 1328 (11th Cir. 2005); OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005); Nat'l R.R. Passenger Corp. v. United States, 431 F.3d 374 (D.C. Cir. 2005).  The Circuits determined that a telephonic communication constituted toll telephone service and was thereby

---

[5]  The communications excise tax originated in 1898 as a tax on long-distance service to generate revenue to finance the Spanish-American War.  Louis Alan Talley, The Federal Excise Tax on Telephone Service: A History (Congressional Research Service 2001).  The tax was repealed in 1902, but was reenacted in 1914 as America prepared to enter World War I.  Id. at 2.  In 1924, the tax was again repealed but was reinstated in 1932 to raise revenue to reduce the federal budget deficit during the Depression.  Id. at 3.  The tax has been continuously in effect since 1932, and was broadened in 1941 to apply to local telephone service.  Id.

[6]  Form 720, entitled "Quarterly Federal Excise Tax Return," is used by carriers to report various excise taxes collected from consumers, including environmental, communications, air transportation, and various fuel excise taxes.  See Treas. Reg. §§ 40.0-1, 40.6011(a)-1.

subject to the communications excise tax only if the charges imposed on the call were based on both the distance <u>and</u> elapsed transmission time of the call.  As such, these Circuits concluded that long-distance service charges not based upon distance were not subject to the communications excise tax.

On May 25, 2006, in response to the Circuits' rulings, the IRS issued Notice 2006-50 advising that the United States would no longer litigate whether time-only long distance telephone service was subject to the communications excise tax and would follow the holdings of the Courts of Appeals.  I.R.S. Notice 2006-50.  The Notice instructed carriers to cease collecting and paying over communications excise taxes paid by consumers on time-only long distance service billed after July 31, 2006, and authorized taxpayers to request a credit or refund on their 2006 Federal income tax returns for communications excise taxes paid on services billed after February 28, 2003, and before August 1, 2006.  Id.

**Plaintiff's Refund Claims**

Plaintiff purchased long-distance service from carriers from January 1, 1996 until July 31, 2006, and paid communications excise taxes on those services.  Am. Compl. ¶¶ 2-3.  Because Plaintiff paid the tax directly to its carriers, and those carriers then "paid over" the tax to the IRS, Plaintiff was not required to file a tax return with respect to such excise taxes.  On or about October 4, 2006, Plaintiff filed a refund claim with the IRS seeking $813.70 for communications excise taxes paid during the first quarter of 1996.  Am. Compl. Ex. C.[7]  The IRS denied Plaintiff's 1996 claim as untimely, quoting section 6511.  Pl.'s Notice of Filing (Jan. 22, 2007) Ex. 2.  Plaintiff filed the instant action on January 10, 2006.[8]

---

[7]  The first quarter of 1996 ran from January 1, 1996 to March 31, 1996.  Am. Compl. Ex. C.  This was Plaintiff's second claim seeking a refund of communications excise taxes.  Plaintiff filed its first such refund claim on March 5, 2003, to recover $159,740.25 of communications excise tax paid in 2002.  The IRS had taken no action with respect to Plaintiff's 2002 refund claim as of filing of Plaintiff's Amended Complaint.  Defendant concedes that the 2002 claim was timely filed.

[8]  On August 11, 2006, Plaintiff moved for summary judgment seeking a determination that refund claims for communications excise taxes are not subject to any statute of limitations.  On September 8, 2006, Defendant filed a cross-motion for summary judgment seeking a determination that section 6511(a) limits the Court's jurisdiction over all tax refund suits or, alternatively, that 28 U.S.C. § 2501 would apply to tax refund claims.  However, at the time these motions were filed, only the 2002 tax refund claim was at issue, and that was admittedly timely.  Thus, the parties' cross-motions for summary judgment did not address a controversy at issue in this action.  Subsequently, however, on June 20, 2007, Plaintiff amended its complaint to add the 1996 claim for refund, and on August 27, 2007, Defendant moved to dismiss the 1996 claim as time-barred.
Plaintiff also filed a motion seeking certification of a class comprised of taxpayers who paid the excise tax on toll telephone services whose charges did not vary based on distance.  This Court denied Plaintiff's motion for class certification without prejudice.

**Discussion**

**Motion to Dismiss Standard**

When deciding a motion to dismiss under RCFC 12(b)(1), the Court assumes all factual allegations to be true and construes "all reasonable inferences in plaintiff's favor." Hall v. United States, 74 Fed. Cl. 391, 393 (2006) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). Plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In determining whether Plaintiff has met its burden, "the [c]ourt may look beyond the pleadings and 'inquire into jurisdictional facts' in order to determine whether jurisdiction exists." Lechliter v. United States, 70 Fed. Cl. 536, 543 (2006) (quoting Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)).

**Jurisdiction and the Statute of Limitations**

This Court has jurisdiction to consider tax refund suits under 28 U.S.C. § 1491(a)(1). Ontario Power Generation v. United States, 369 F.3d 1298, 1301-02 (Fed. Cir. 2004); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993); Hinck v. United States, 64 Fed. Cl. 71, 74-76 (2005), aff'd, 446 F.3d 1307 (Fed. Cir. 2006). However, this Court's jurisdiction is limited to "the extent to which the United States has waived its sovereign immunity." Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002) (quoting Myers v. United States, 50 Fed. Cl. 674, 682 (2001)). With respect to tax refund suits, the United States has waived its sovereign immunity only as articulated in the Internal Revenue Code. See United States v. Williams, 514 U.S. 527, 532-535 (1995); United States v. Dalm, 494 U.S. 596, 601 (1990); Flora v. United States, 362 U.S. 145, 157-58, 176-77 (1960).

Section 7422(a) of the Code bars a taxpayer from filing a suit for refund unless a claim for refund has been duly filed with the IRS in accordance with section 6511. Computervision Corp. v. United States, 445 F.3d 1355, 1363-64 (Fed. Cir. 2006); Chicago Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994), cert. denied, 525 U.S. 932 (1998) (Section 7422(a) waives sovereign immunity with respect to tax refund suits "provided the taxpayer has previously filed a qualifying administrative refund claim" with the IRS.).

**The Statute of Limitations in Section 6511(a) Applies to the Communications Excise Tax**

The IRS denied Plaintiff's 1996 refund claim as untimely under section 6511(a) -- a circumstance which the Government contends bars Plaintiff from maintaining this suit. Section 6511(a) provides:

> [a ] [c]laim for credit or refund of an overpayment of any tax . . . in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed

5

or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

(emphasis added).  Section 7422(a) provides:

**No suit prior to filing a claim for refund**.  No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

(emphasis added).

As the Court of Claims recognized, section 6511 is the "provision of law" referenced in section 7422(a) governing the timeliness of refund claims "duly filed with the Secretary of the Treasury."  Alexander Proudfoot, 197 Ct. Cl. at 225 n.6, 454 F.2d at 1382 n.6.[9]  Thus, compliance with the time limitations of section 6511(a) is a condition precedent for filing a refund suit in this Court under section 7422(a).  Williams, 514 U.S. at 533; Dalm, 494 U.S. at 601-02; J. O. Johnson, 201 Ct. Cl. at 321, 476 F.2d at 1341.  The Supreme Court has recently reaffirmed this principle in United States v. Clintwood Elkhorn Mining Co., 128 S. Ct. 1511, 1515 (Apr. 15, 2008).  There, the Supreme Court held that "the plain language of 26 U.S.C. §§ 7422(a) and 6511 requires a taxpayer seeking a refund for a tax assessed in violation of the Export Clause, just as for any other unlawfully assessed tax, to file a timely administrative refund claim before bringing suit against the Government."  Id. at 1520 (emphasis added).  In so ruling, the Supreme Court characterized section 7422(a) as having "expansive reach" stating:

Here the companies did not file a refund claim with the IRS for the 1994-1996 taxes, and therefore may bring '[n]o suit' in 'any court' to recover 'any internal revenue tax' or 'any sum' alleged to have been wrongfully collected 'in any manner.'  Five 'any's' in one sentence and it begins to seem that Congress meant the statute to have expansive reach.

Id. at 1516.  In further discussing section 7422 the Court continued:

---

[9]  Plaintiff's contention that section 6532, but not section 6511, is an applicable provision of law referenced in section 7422 lacks merit.

> we cannot imagine what language could more clearly state that taxpayers seeking refunds of unlawfully assessed taxes must comply with the Code's refund scheme before bringing suit, including the requirement to file a timely administrative claim.

Id.

Plaintiff contends that its refund claim is not subject to section 6511(a) because the statute only applies if the taxpayer "was required to file a tax return" with respect to the tax underlying the refund claim. Here, the carrier collected the tax from Plaintiff, paid over the tax to the IRS and filed a return in accordance with statutory requirements governing the excise tax, sections 4251-54. As such, although Plaintiff ultimately paid the tax via its carriers, it did not file a return with respect to this tax and posits that neither section 6511 nor any statute of limitations applies to its claim for a refund of the communications excise tax.[10]

In construing the reach of section 6511, the Court is not writing on a <u>tabula</u> <u>rasa</u>. Three Circuits, including our appellate authority, have read sections 7422 and 6511 together and held that the section 6511 statute of limitations applies to a taxpayer even though that taxpayer itself was not required to file a return with respect to the tax at issue. <u>J. O. Johnson</u>, 201 Ct. Cl. at 321, 476 F.2d at 1340-41; <u>Alexander Proudfoot</u>, 197 Ct. Cl. at 225 n.7, 454 F.2d at 1382 n.7; <u>Wachovia Bank, N.A. v. United States</u>, 455 F.3d 1261, 1264-65 (11th Cir. 2006); <u>Little People's School v. United States</u>, 842 F.2d 570, 574 (1st Cir. 1988).[11]  In so ruling, these courts have emphasized the language of section 7422 -- its strict prohibition of <u>any</u> court action absent compliance with section 6511 -- and the overall purpose of the short statutes of limitations in the Tax Code, which reflects Congress' recognition that tax refund suits impede the effective administration of the revenue laws. <u>Alexander Proudfoot</u>, 197 Ct. Cl. at 227, 454 F.2d at 1383 (<u>quoting</u> <u>United States v. A.S. Kreider Co.</u>, 313 U.S.

---

[10] In the alternative, Plaintiff submits that the six-year statute of limitations governing actions in this Court, 28 U.S.C. § 2501, applies to its refund suit.  However, the Supreme Court in <u>Clintwood</u> expressly rejected the suggestion that tax refund suits were subject to the six-year statute of limitations established by 28 U.S.C. § 2501, because if that were the case, the "refund scheme in the current Code would have 'no meaning whatever.'"  128 S. Ct. at 1517 (<u>quoting</u> <u>United States v. A.S. Kreider Co.</u>, 313 U.S. 443, 448 (1941)); <u>see</u> <u>also</u> <u>J. O. Johnson</u>, 201 Ct. Cl. at 322-23, 476 F.2d at 1341 ("Allowing plaintiffs, seeking refunds of this type, to have 6 full years in which to file their claims, where no clear reason for such exceptional treatment is apparent in either the Code or in fact, would seem to run contrary to the usual Code pattern and apparently congressional intent as well.").

[11] This is consistent with the Supreme Court's guidance in <u>Clintwood</u>, affirming that sections 6511 and 7422 are to be read together.  The Court stated: "'Read together the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court.'"  <u>Clintwood</u>, 128 S. Ct. at 1515 (<u>quoting</u> <u>Dalm</u>, 494 U.S. at 602).

443, 447 (1941)).[12]

As the First Circuit explained in <u>Little People's School</u>:

> To establish the relevant statutory context, we turn to section 7422 of the Code, the concern of which is unambiguously declared in its title, "Civil actions for refund." Subsection (a) thereunder is entitled, with equal certainty, "No suit prior to filing claim for refund."
>
> . . . .
>
> This provision admits of but one interpretation: the proper filing of an administrative refund claim is a condition precedent to bringing suit in court for a refund. "No suit" means no suit.
>
> Section 7422(a)'s explicit requirement of a prior refund claim in <u>all</u> cases exposes the weakness of the school's reading of section 6511(a). In arguing that section 6511(a) applies only to a limited class of administrative refund claims (those brought by taxpayers required to file returns and none others), . . . the school's position seems to be that refund claims brought by taxpayers such as itself <u>are subject to no administrative limitations period whatsoever</u>. This reading of the Code makes little sense. It is unlikely that Congress would have enacted a statute mandating the filing of an administrative claim as a prerequisite to a civil action while at the same time

---

[12] As the Supreme Court recognized in <u>Clintwood</u>,

> Congress has indeed established a detailed refund scheme that subjects complaining taxpayers to various requirements before they can bring suit. This scheme is designed "to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue," <u>United States v.Felt & Tarrant Mfg. Co.</u>, 283 U.S. 269, 272, 51 S. Ct. 376, 75 L. Ed. 1025, 72 Ct. Cl. 734, 1931-1 C.B. 431 (1931), to provide that refund claims are made promptly, and to allow the IRS to avoid unnecessary litigation by correcting conceded errors.

128 S. Ct. at 1518-19. <u>See also</u> <u>Wachovia</u>, 455 F.3d at 1268-69 (finding a claim for refund by a tax-exempt trust to be time-barred under section 6511 and stating "we do not 'lift the statutory bar' simply because a taxpayer learns too late that her taxes were 'paid in error' or that 'she has a ground upon which to claim a refund'"(quoting <u>Dalm</u>, 494 U.S. at 610 n.7)).

intending the only statute of limitations relating to administrative claims to exempt a certain class of these claims from its coverage.

842 F.2d at 573-74 (emphasis in original).

Like the First Circuit, the Court of Claims has recognized that statutes should not be interpreted as effecting a discrimination -- such as exempting a class of claims from the coverage of a statute of limitations -- without any rational basis.  In United States v. Native Village of Unakleet, 188 Ct. Cl. 1, 9, 411 F.2d 1255, 1258 (1969), the Court of Claims expressly acknowledged that "we may at times construe a statute contrary to its 'plain language' if a literal interpretation makes a discrimination for which no rational ground can be suggested." (citing Grayson v. United States, 137 Ct. Cl. 779, 149 F. Supp. 183 (1957)).  See generally Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1354 (Fed. Cir. 2006) (recognizing that the economic substance doctrine is not unlike other canons of construction that are employed where the literal terms of a statute can undermine the ultimate purpose of the statute and quoting Native Village of Unakleet, supra, 188 Ct. Cl. at 9, 411 F.2d at 1258).  Here, interpreting sections 6511 and 7422 as exempting a class of taxpayers, i.e., those paying communications excise taxes via a collecting entity, from the general statute of limitations governing refund claims, would effect a discriminatory exemption of these type of excise tax claims from the limitations requirement without any rational basis.  To borrow Defendant's colorful language, section 6511 should not be interpreted as containing "cracks" through which these select types of taxes may fall.  Def.'s Cross-Mot. for Summ. J. at 11; see Little People's School, 842 F.2d at 574 (stating that the appropriate method of statutory construction "rejects what is perhaps the most natural meaning of section 6511(a)'s first sentence read in isolation" in favor of "an acceptable alternative reading [which] enables section 6511(a) to complement in a sensible fashion the 'no suit without claim for refund command' [of section 7422(a)]").

In Alexander Proudfoot, the Court of Claims focused on section 7422's all inclusive language and expressly rejected the argument Plaintiff urges here -- that section 6511 does not apply where a return is not required:

> Another of plaintiff's textual arguments is that . . . § 6511(a) cannot apply under its own terms because that section (aside from taxes paid by stamp) controls only taxes where a return is required, and . . . no return is required for the accumulated earnings tax.  The simplest answer is that § 6511(a) was obviously intended to cover all taxes, whether or not a return is required, and its wording can easily carry that understanding since it expressly provides for the case where 'no return was filed by the taxpayer.'

197 Ct. Cl. at 225 n.7, 454 F.2d at 1382 n.7.

In J. O. Johnson, the Court of Claims refused the plaintiff's plea that it disavow Alexander

9

Proudfoot.[13]  The J. O. Johnson Court explained:

> Plaintiff next argues that, at most, the language in section 6511(a) is ambiguous and the language should be interpreted in favor of the taxpayer since the Government's construction would result in an extension of the meaning of the statute, which would run contrary to the normal judicial trend to read tax statutes narrowly and strictly. While it seems that plaintiff's point is well taken, it is likewise clear that other factors come into play when any court must interpret a tax statute, for example, consistency and harmony with other related sections.  In this case . . . as the court pointed out in Alexander Proudfoot, . . . the plaintiff's reading of section 6511(a) to exclude those taxes assessed by the IRS after the return is filed but not part of the return itself, would render section 7422(a) almost meaningless with respect to this group of assessments.  Section 7422(a) makes the filing of a claim for refund or credit a condition precedent to the maintenance of any suit for the recovery of any wrongfully assessed tax, penalty, or "of *any sum* alleged to have been excessive or in any manner wrongfully collected." . . . Clearly section 7422(a), with its all-inclusive "any sum" term, would include the assessment for the accumulated earnings tax; . . . .

201 Ct. Cl. at 321, 454 F.2d at 1340-41.  Similarly, here, the communications excise tax is clearly within section 7422's "all-inclusive" term governing the recovery of "any" wrongfully assessed or collected tax.

Plaintiff further argues that J. O. Johnson was wrongly decided by the Court of Claims and urges this Court not to follow its ruling.  Pl.'s Mot. for Summ. J. at 22.  However, J. O. Johnson and Alexander Proudfoot are the law of this Circuit.  This Court is bound to follow precedent of the Court of Claims and cannot simply ignore it.  South Corp. v. United States, 690 F.2d 1368, 1369 (Fed. Cir. 1982) (The holdings of the United States Court of Claims are binding as precedent on the Federal Circuit); Coltec, 454 F.3d at 1353 ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, [the Federal Circuit], and our predecessor court, the Court of Claims"); Gevyn Constr. Corp. v. United States, 827 F.2d 752, 754 n.2 (Fed. Cir. 1987).

---

[13]  Plaintiff characterizes the Alexander Proudfoot ruling that section 6511 applies even where a return is not required as "dicta," but this is contrary to the Court of Claims' denomination of this ruling as a "holding" in J. O. Johnson.  There, the Court expressly stated "[t]he plaintiff has presented an impressive array of arguments to undercut the footnote holding in Alexander Proudfoot and to otherwise seek to avoid the application of section 6511(a) to the . . . claim for refund."  J. O. Johnson, 201 Ct. Cl. at 320, 454 F.2d at 1340 (emphasis added).

Plaintiff contends that a subsequent decision of the Court of Claims, Strick v. United States, 223 Ct. Cl. 262, 625 F.2d 1001 (1980), somehow casts doubt upon the Alexander Proudfoot and J.O. Johnson holdings that section 6511(a) applies to a taxpayer not required to file a return. Specifically Plaintiff argues: "Strick, by both the absence of citation to Alexander Proudfoot and J. O. Johnson as well as its specific commentary on the issue, indicates that the question of whether section 6511(a) applies to a situation like that of a claim for refund of the Communications Excise Tax, where no taxpayer files a return, is not decided in the Federal Circuit." Pl.'s Mot. for Summ. J. at 25.  Strick, however, does nothing to undercut Alexander Proudfoot or J. O. Johnson.

The Strick plaintiff purchased tires from Firestone Rubber Company (Firestone), and Firestone paid a tire excise tax. 223 Ct. Cl. at 268, 625 F.2d at 1004. Although the Strick plaintiff neither paid the excise tax nor filed a return covering such tax, it became entitled to a refund of this tax because Firestone passed it along to the plaintiff. Id. at 278, 625 F.2d at 1009. Defendant claimed that the plaintiff's refund claim was untimely under section 6511(a) because it was not filed within three years from the time Firestone filed its tax return or two years from the time Firestone paid the tax. Id. at 275, 625 F.2d at 1008. However, the IRS had granted Firestone an extension under section 6511(c) to file the claim, and the plaintiff filed its claim within the extension period. Id. at 273, 625 F.2d at 1007. The Strick court found that the plaintiff's refund claim was timely as the plaintiff was entitled to the benefit of the extension granted to Firestone. Id. at 276, 625 F.2d at 1008.

The Court of Claims in Strick neither revisited whether section 6511 applies to a taxpayer not required to file a tax return nor referenced J. O. Johnson or Alexander Proudfoot. However, the Court stated  that "[f]or a special claimant like plaintiff, the terms of § 6511(a) do not fit well . . . [as the] provisions seem to refer to the taxpayer who filed the return or paid the tax (and was required to file the return and pay the tax)." Id. at 275-76, 625 F.2d at 1008. This statement hardly amounts to overruling the J. O. Johnson and Alexander Proudfoot holdings that section 6511(a) applies to a taxpayer not required to file a return.  See Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 777 n.4 (Fed. Cir. 1988) ("The rule of the Federal Circuit is that we are bound by our prior decisions until they are overruled by a majority of the active judges sitting in banc"); Southeast Bank v. United States, 230 Ct. Cl. 277, 283 n.8, 676 F.2d 660, 664 n.8 (1982).  Moreover, Alexander Proudfoot and J. O. Johnson are consistent with the Supreme Court's recognition in Clintwood that "any" means "any," and that taxpayers filing suit for "any" tax refund, -- including a refund of the communications excise tax -- must first comply with section 6511.  Accord In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig., 539 F. Supp. 2d 281, 290 (D.D.C. Mar. 25, 2008) (examining claims for refund of the federal communications excise tax and recognizing that section 6511(a)'s timeliness requirements applied in the context of articulating "the established legal infrastructure for obtaining a tax refund." ).

Following the precedent of the Court of Claims as well as the consistent rulings of the First and Eleventh Circuits, this Court holds that the statute of limitations in section 6511(a) applies to Plaintiff even though Plaintiff was not required to file a tax return with respect to the communications excise tax at issue. Because Plaintiff's 1996 refund claim was filed approximately

10 years after the date Plaintiff paid the tax, its refund claim was untimely under section 6511(a). As such, Plaintiff has failed to meet the condition precedent for filing an action in this Court under section 7422, and this Court lacks jurisdiction over Plaintiff's 1996 claim.

### **Conclusion**

1. Defendant's partial motion to dismiss is **GRANTED**.  Plaintiff's 1996 refund claim is dismissed.

2. Plaintiff's motion for summary judgment is dismissed as moot.

3. Defendant's cross-motion for summary judgment is dismissed as moot.

4. A telephonic status conference will be held on **May 30, 2008, at 11:00 a.m.**, to discuss further proceedings.

s/ Mary Ellen Coster Willams
**MARY ELLEN COSTER WILLIAMS**
**Judge**