# In the United States Court of Federal Claims

No. 06-28T
(Filed February 27, 2009)
(Not for Publication)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                                    *
RADIOSHACK CORPORATION                              *
on behalf of itself and others                      *
similarly situated,                                 *
                                                    *
                    Plaintiff,                      *
                                                    *
        v.                                          *
                                                    *
THE UNITED STATES,                                  *
                                                    *
                    Defendant.                      *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * ** * * *
```

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE

**WILLIAMS**, Judge.

In this action, Plaintiff seeks a refund of communications excise taxes. This matter comes before the Court on Plaintiff's second motion for class certification, which was filed after Plaintiff appealed this Court's decision which dismissed one of its claims -- its 1996 claim -- as time barred.[1] Because the appellate court's ruling could inform this Court's determination of whether to certify a class or affect the makeup of the potential class, a determination on class certification at this juncture would be premature. As such, Plaintiff's second motion for class certification is denied

---

[1] Plaintiff filed its notice of appeal of the Court's June 13, 2008 Order and Final Judgment on August 8, 2008. RadioShack Corp. v. United States, 82 Fed. Cl. 155 (2008), appeal docketed, No. 2008-5106 (Fed. Cir. Oct. 10, 2008). Appellant RadioShack submitted its Principal Brief to the Court of Appeals for the Federal Circuit on October 10, 2008 and filed its Reply Brief on January 28, 2009. This appeal is scheduled for argument before a panel of the Federal Circuit on March 31, 2009.

without prejudice.

## Background

In its May 21, 2008 opinion, this Court dismissed a portion of Plaintiff's claim as time-barred. The court held that "[b]ecause Plaintiff's 1996 claim was filed approximately 10 years after Plaintiff paid its 1996 communications excise tax, Plaintiff's claim is untimely under section 6511(a), and section 7422(a) bars its action for this refund claim." 82 Fed. Cl. at 162 (2008)(original footnotes omitted). Subsequent to both this dismissal and its Notice of Appeal, Plaintiff moved, pursuant to Rule 23 of the Rules of the Court of Federal Claims ("RCFC"), for an Order certifying the following class:

> Each individual or business that: (1) paid the Federal communications excise tax under section 4251 ("Communications Excise Tax" or "Tax") with respect to charges for toll telephone services that did not vary based on distance and charges for services that Defendant otherwise determined were not taxable (collectively, referred to herein as "Non-Taxable Telephone Services"), or is otherwise entitled to a refund of such tax; (2) files (or previously filed) within any applicable period of limitations a claim for refund of such tax or is the subject of any other communication that constitutes such a timely claim for refund; and (3) did not receive a refund of the entire amount of such tax from the Internal Revenue Service ("IRS").

Pl.'s Mot. for Class Certif. 1-2 (original footnotes omitted).

This Court entered final judgment dismissing that claim to facilitate an immediate appeal. Although Plaintiff acknowledges the pendency of the appeal and accepts that the appellate ruling on the statute of limitations will affect composition of the class, Plaintiff simply asserts without explanation or rationale that the pendency of the appeal "of this issue relating to the period of limitations should not delay the certification of the Class, the issuance of notice to the Class, and the processing of refund claims for the period from March 1, 2003 through July 31, 2006." Id. at n.4.

## Discussion

Rule 23 of the Rules of the Court of Federal Claims lays out the process for a plaintiff to initiate and pursue class action litigation against the United States. Like Federal Rule of Civil Procedure 23(a), RCFC 23(a) lists four prerequisites for class action suits. However, unlike Federal Rule of Civil Procedure 23, RCFC 23(b) prescribes unique considerations for class action suits maintained against the United States, and RCFC 23(c) sets out a different class action certification and notice process that requires class members to affirmatively request inclusion in the class. In order to notify potential class members of their right to be included in the defined class, "the court must direct to class members the best notice that is practicable under the circumstances, including

notice to all members who can be identified through reasonable effort." RCFC 23(c)(2)(B). This notification process is central to class action suits maintained in this Court, but it entails a substantial and onerous undertaking for large classes.

Plaintiff has filed an appeal of this Court's June 13, 2008 Order and Final Judgment that dismissed Plaintiff's claim for a refund of communications excise tax from the first calendar quarter of 1996 as untimely under 28 U.S.C. §§ 6511(a) and 7422. The outcome of that appeal will necessarily affect the composition of any potential class. Despite the looming appellate determination, Plaintiff continues to seek certification of a class of all taxpayers who paid the communications excise tax and have filed or will file a timely claim for refund, even though we will not know which taxpayers will be deemed to have filed such timely claims until the Court of Appeals speaks. Plaintiff submits that the Court should go ahead and certify this fuzzy class because members are not actually added to the class until the Court enters a judgment. Plaintiff argues:

> This Court has proper subject matter jurisdiction in this case because the Court has subject matter jurisdiction over the claim (i.e., all claims) currently before the Court. At this time, the only claim before the Court is RadioShack's claim for refund of the Communications Excise Tax paid for Non-Taxable Telephone Services purchased during the three calendar quarters ended on June 30, 2002, September 30, 2002, and December 31, 2002 (the "2002 claim"). RadioShack fully paid the tax due and properly filed a timely claim for refund of the tax in accordance with section 7422(a). As a result, this Court has proper subject matter jurisdiction to consider RadioShack's 2002 claim under 28 U.S.C. § 1491(a)(1). See Ontario Power Generation v. United States, 369 F.3d 1298, 1301-02 (Fed. Cir. 2004). Other taxpayers will opt into the class after the class is certified by the Court, and each such taxpayer, by definition, must have filed a timely claim for refund within the meaning of section 7422(a) (which, as necessary for a given taxpayer, will be accomplished in connection with the notice procedure). At the time of judgment, the Court also will have proper subject matter jurisdiction over each taxpayer that opts into the Class.

Pl.'s Br. in Supp. of Mot. for Class Certif. 10-11 (original footnote omitted).

This ignores the mandate in Rule 23(c)(1)(B) that this Court, in certifying a class action, "must define the class and the class claims, issues or defenses." However, as a practical matter, this Court cannot adequately define the class when the parameters of the statute-of-limitations bar are unknown. Even if Plaintiff is correct that the Court could certify a vague and indeterminate class at this juncture, it is not efficient to do so. The potential scope of the class may change if Plaintiff succeeds in its appeal of this Court's order and final judgment dismissing some 10 years of potential claims. The efficiencies gained from cumulative litigation of common legal and factual claims are

a primary reason for Rule 23's class action process. American Pipe & Const. Co. v. Utah, 414 U.S. 538, 553 (1974). Moving forward with a decision on Plaintiff's motion for class certification while Plaintiff appeals would undermine a central purpose of class action litigation.

Moreover, the appeal process is well under way. The appeal is scheduled for argument in approximately a month. Awaiting the appellate court's decision will not prejudice Plaintiff and will enable the Court to better assess the parties' positions on certification.

Delay also will enable the parties to assess how Defendant's administrative refund mechanism might impact proceeding with this action as a class action. In Notice 2006-50, the IRS announced the implementation of a refund procedure for communications excise taxes paid between February 28, 2003 and August 1, 2006, by which eligible taxpayers could file claims on their 2006 federal income tax return. The IRS created a new form (FORM 1040EZ-T) for claiming the refund for those taxpayers who were not required to file income tax returns in 2006. To reduce the burden of requesting the refund, the IRS allowed taxpayers who could not substantiate their claims, and establish entitlement to a refund, to claim a "safe harbor" amount (in the case of an individual) or to estimate their taxes based on minimal documentation (businesses and exempt organizations). To increase taxpayer awareness of this refund initiative, the IRS implemented a comprehensive communications outreach publicizing the process.

According to Defendant's motion papers, under this refund initiative, as of August 6, 2007, the IRS had refunded $4.27 billion for 92.76 million refund requests, including 92.22 million requests by individual taxpayers and 540 thousand requests from businesses. By February 24, 2008, 4.98 million more individual taxpayers and 770 thousand more businesses had requested refunds under the procedures prescribed by Notice 2006-50.

The IRS has represented that taxpayers who have not yet sought a refund of the communications excise tax may still claim a refund by filing an amended 2006 income tax return or by filing the Form 1040EZ-T with the IRS. As such, awaiting resolution of the appeal will also enable the IRS to ascertain with more precision whether and to what extent additional taxpayers have availed themselves of this refund procedure.

The Court is cognizant of Rule 23(c)(1)(A)'s directive to determine whether to certify a suit as a class action "[a]t an early practicable time after a person sues as a class representative." However, it is not now practicable to make a class certification determination. See RCFC 23, Rules Committee Notes, 2004 Amendment (stating that Rule 23 incorporates the 2003 revisions to Fed. R. Civ. P. 23); see also Fed. R. Civ. P. 23, Advisory Committee Notes, 2003 Amendment, subdivision (c), paragraph (1) (discussing considerations that may affect the timing of the certification decision, including (1) a need to engage in discovery necessary for any class certification decision, (2) a need to determine how the case will be tried, (3) a need to analyze the defendant's interest in fighting individual plaintiffs' claims and potentially winning summary judgment on individual claims without binding the whole class and (4) a need to gather information about the appointment of class counsel). Although a pending appellate ruling that will impact class

composition is not expressly enumerated, this consideration affects a determination of how the case will be processed and, in the circumstances here, justifies delaying a decision both on whether a class should be certified and what the definition of any potential class should be.

## Conclusion

Plaintiff's motion for class certification is **DENIED** without prejudice.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**
